LILLIAN ALLEN *v.* FRANK MARINO

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 5—decided July 16, 1946

*John P. Knox* and *William L. Beers,* for the appellant (plaintiff in error).

*J. Gerald Hannon,* with whom, on the brief, was *Lloyd J. Vail,* for the appellee (defendant in error).

Ells, J. The parties entered into a written lease of premises located in Greenwich for a term of two years from November 1, 1943. The lessor brought an action of summary process to the Town Court of Greenwich prior to the expiration of the two-year term upon the basis of an alleged termination of the lease under a power of sale clause contained in it, and had judgment. The lessee caused a writ of error to be brought to the Court of Common Pleas. It found no error and dismissed the writ. The lessee has appealed. The plaintiff in error will hereafter be referred to as the lessee and the defendant in error as the lessor.

Many interesting questions are raised by the appeal, but our decision upon one vital issue makes it unnecessary to discuss the other claims. The lessee had a two-year lease subject to termination by the exercise of a power of sale. If the power of sale was not properly exercised, the lease did not terminate. The lease states the steps to be taken and the order in which they are to be taken. It is provided that the lessee "shall have a preferential right . . . to meet any bona fide offer made by other parties desiring to purchase the property and should the [lessee] fail to do so the [lessor] is privileged to sell the property at the price offered to the [lessee] to such outside parties and the [lessee] will vacate the property within ninety (90) days upon written notice, from the [lessor]."

On October 3, 1944, the lessor gave notice to the lessee that he had received a bona fide offer of $9500, net, and would expect an acceptance or refusal to meet it by the lessee on or before October 10; and that if she refused to meet the offer it would be necessary for her to vacate the premises within ninety days. Other than this letter, no written notice was given to the lessee to vacate the property. On November 2, the lessor entered into a contract to sell the premises. The sale has not yet been made, and an extension of the contract to April 1, 1945, has expired. The lessee contends that the notice to vacate was insufficient.

While the provision in the lease quoted above does not state when the notice is to be given, it is so definitely tied in with the sale as to mean that on a sale of the premises the lessee will vacate on ninety days' notice. Grammatically there is nothing else in the clause to which the provision may relate; there is no express provision that an offer shall be submitted to the lessee to which it could be connected. Every practical consideration indicates that it is only after a sale that any obligation to vacate would rest on the lessee. An offer to purchase might never materialize in a sale; and if the ninety days' notice were related to the making of the offer the lessor might be in a position to evict the lessee when no sale to anyone had resulted.

When, in this case, the notice to vacate was given, all the lessor had was an offer for the premises. The provision for a ninety-day notice related to a sale and not to an offer of sale, and therefore the notice as given did not conform to the provision of the lease. The issue in the writ was the termination of the lease. For the reasons stated, the notice was in-

effective to accomplish this result. It was at least premature. Even if "sale" be construed as meaning no more than an enforceable contract to sell, the ninety days' notice could not begin to run until November 2, 1944, the date when the contract to sell was made. Since the only notice was that given by the owner's letter of October 3, 1944, it did not satisfy the requirements of the lease.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the lessee.

In this opinion the other judges concurred.